**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MARCO ANTONIO GUERRERO JIMENEZ, | ) ) ) | |
| Petitioner, | ) ) | |
| -vs- | ) ) | NO. CIV-26-0967-HE |
| MARKWAYNE MULLIN, et al., | ) ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Marco Antonio Guerrero Jimenez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE).

According to the habeas petition, petitioner is a native and citizen of Mexico who arrived in the United States at or near Laredo, Texas, on or about June 2008 and has resided in the country since that time. The petition indicates that on or about December 21, 2025, petitioner was arrested by the Seagoville Police Department for driving while intoxicated, and ICE placed a detainer on him. It also indicates that on or about January 4, 2026, ICE took custody of petitioner and transferred him to Diamondback Correctional Facility where he remains detained. Petitioner has filed an application for cancellation of removal which is currently pending.

In the petition, petitioner claims his detention pursuant to 8 U.S.C. § 1225(b)(2) violates the Fifth Amendment due process clause and the INA and its implementing regulations. He maintains 8 U.S.C. § 1226(a) governs his detention. Petitioner requests a

bond hearing pursuant to § 1226(a) and the applicable regulations.  As ordered by the court, the federal respondents have responded to the petition, asserting that petitioner's detention, pursuant to 8 U.S.C. § 1225(b)(2)(A), is proper.  Petitioner has filed a reply, asserting he is not properly detained under § 1225(b)(2)(A).

The court concludes the habeas petition should be granted in part.  Respondents acknowledge that the court has previously addressed this issue. [Doc. #7, p. 2].  However, for the reasons stated in Avila v. Bondi, No. 25-3248, 170 F.4th 1128, 1133-38 (8th Cir. 2026) and  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026), as well as the reasons stated in Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), respondents urge the court to hold petitioner is properly held pursuant to § 1225(b)(2)(A) and dismiss petitioner's § 2241 petition.  Upon review, the court declines to reconsider its prior ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026). The conflicting decisions of the judges in this district and the 2-1 decisions in Avila and Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties.  However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[1] and the Courts of Appeals in Lopez-

---

[1] *See Lopez v. Corecivic Cimmaron Correctional Facility, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026); Valdez v. Holt, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); Colin v. Holt, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025), Escarcega v. Olson, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).*

Campos v. Raycraft, ___ F.4th ___, 2026 WL 1283891, at **1-11 (6th Cir. May 11, 2026);

Hernandez Alvarez v. Warden, Federal Detention Center Miami, ___ F.4th ___, 2026 WL

1243395, at **1-21 (11th Cir. May 6, 2026); Barbosa da Cunha v. Freden, ___ F.4th ___,

2026 WL 1146044, at **3-23 (2d Cir. Apr. 28, 2026), among others.

Because § 1226(a) governs petitioner's detention, the court concludes that he is

entitled to an individualized bond hearing. The court will therefore grant the habeas petition

in part[2] and order respondents to provide petitioner with a bond hearing pursuant to 8

U.S.C. § 1226(a).

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241

[Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with

a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise

release petitioner if he has not received a lawful bond hearing within that period.

Respondents are further **ORDERED** to certify compliance by filing a status report within

**ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 26th day of May, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2] *In light of its ruling that § 1226(a) governs petitioner's detention, the court declines to decide the merits of petitioner's other claims.*

3